Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Caitlin Baunsgard
Assistant United States Attorney
Post Office Box 1494
Spokane, WA  99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 16, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>v.<br><br>HUMBERTO ALEGRE,<br><br>                   Defendant. | 2:21-CR-139-SAB-4<br><br>Pretrial Diversion Agreement |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Caitlin Baunsgard, Assistant United States Attorney for the Eastern District of Washington, as well as Defendant, HUMBERTO ALEGRE, and Defendant's counsel, Amy Rubin, agree to the following Pretrial Diversion Agreement (the "Agreement"):

**I.**    **Overview**

1. On October 5, 2021, the United States Attorney's Office for the Eastern District of Washington charged Defendant, HUMBERTO ALEGRE, with Conspiracy to Distribute 500 Grams of Methamphetamine and Heroin, in violation of 21 U.S.C. § 846 (Count 1), and Distribution of 50 Grams or More of Actual (Pure) Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) (Count 2).

PRETRIAL DIVERSION AGREEMENT - 1

2.  Defendant stipulates and agrees there is sufficient evidence to support the allegations, and the United States could prove his guilty beyond a reasonable doubt. Defendant wishes to accept responsibility for this conduct. Accordingly, Defendant stipulates and agrees to the following facts, referred to herein as the "Covered Conduct":

   a.  The Drug Enforcement Administration ("DEA") was investigating a drug trafficking organization operating in the Eastern District of Washington. In pursuit of that investigation, several confidential informants were utilized to conduct controlled purchases of controlled substances from multiple members of the organization.

   b.  The typical pattern utilized by this organization involved the customer in the Eastern District of Washington placing an order with the source of supply of controlled substances, who resides in Mexico and goes by the moniker "Junior". When an agreement on the particulars of the purchase was reached, "Junior" would dispatch a "runner" to deliver the order to the customer and collect the proceeds from the sale.

   c.  In conformance with this pattern, on November 9, 2020, a confidential informant ("CI") engaged in recorded phone contact with "Junior" and arranged to purchase 1/2 pound of methamphetamine. The CI and the CI's vehicle were searched prior to and after the controlled purchase, with no contraband located. The CI was provided with pre-recorded buy funds to purchase the methamphetamine.

   d.  That same day, at the time arranged with "Junior", the CI arrived in the Spokane Valley, Washington area and was met by the "runner". "Junior" advised the "runner" was at the location driving a green van. A green van was located at the meeting location, registered to Defendant. The CI entered Defendant's vehicle to complete the controlled buy. The CI exited Defendant's vehicle, returned to the CI's vehicle, and met DEA at a pre-determined location. Once there, the CI provided the purchased drugs. The CI advised that when he/she entered Defendant's green van,

PRETRIAL DIVERSION AGREEMENT - 2

Defendant was in the driver's seat. The CI attempted to talk with Defendant regarding the transaction; however, Defendant pointed towards the back seat of the van where there was another male seated. The CI was not able to positively identify the male due to the lighting conditions in the back of the van. The CI handed the male the pre-recorded U.S. Currency, and the male handed the CI the methamphetamine.

   e. Meanwhile, surveillance units continued to monitor/surveil Defendant's vehicle from the buy location to Defendant's residence in Royal City, Washington.

  4. On authority from the Attorney General of the United States, through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, prosecution in the Eastern District of Washington for the Covered Conduct shall be deferred for 12 months. This 12-month period begins on the date this Agreement is signed by both parties and accepted by the Court.

  5. The United States and Defendant stipulate and agree that the Court will maintain jurisdiction over this matter and that the Court shall be the final arbiter as to: (1) whether a party breached this Agreement, and if so; (2) the appropriate remedy, which may include either terminating the Agreement or modifying its terms. A modification may include extending the Agreement's 12-month period by an additional 12 months, for a total of 24 months.

## II. Terms

  Defendant stipulates and agrees to the following terms:

  6. **Supervision.** Defendant stipulates and agrees to be supervised by the U.S. Probation Office during this 12-month period (or longer, if the period is extended by the Court). Further, Defendant understands the following:

   a. Defendant shall not violate any federal, state, or local law. This term does not apply to minor civil infractions such as speeding.

PRETRIAL DIVERSION AGREEMENT - 3

      b.     If Defendant is arrested or has any official contact with law enforcement in a civil or criminal investigative capacity, he shall notify his supervising pretrial diversion officer within two business days.

      c.     Defendant shall live within the jurisdiction of the Eastern District of Washington. If Defendant seeks to move outside the District, he shall notify and seek the approval of his supervising pretrial diversion officer so that appropriate arrangements in light of the Agreement can be made.

      d.     Defendant shall maintain employment in a lawful occupation. When out of work, Defendant shall notify his supervising pretrial diversion officer. In the event that Defendant becomes self-employed, he shall provide evidence of such self-employment.

      e.     Defendant shall report to his supervising pretrial diversion officer as directed by the Court or U.S. Probation. Any failure to abide by the reporting requirements as established by the Court or U.S. Probation shall be deemed as an irrevocable violation of the Agreement.

7.    **Tolling.** Defendant stipulates and agrees to toll the running of all applicable statutes of limitations and any time-based defenses for the Covered Conduct. This tolling shall run from the date the Agreement is signed by all parties until the Agreement expires or is terminated by the Court. Defendant stipulates and agrees that the Agreement's tolling provision does not abridge or curtail the applicable statute of limitations in any way, but rather extends the applicable statute of limitations by the period of time that the Agreement is in effect.

Defendant further expressly waives indictment and all rights to a speedy trial pursuant to the Sixth Amendment of the United States Constitution, 18 US.C. § 3161, Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the United States District Court for the Eastern District of Washington for the period during which this Agreement is in effect.

PRETRIAL DIVERSION AGREEMENT - 4

9. **Breach.** If the Court, after a hearing, terminates the Agreement based on a breach by Defendant, the United States may resume its prosecution against Defendant as to the charge(s) under investigation, and any additional charges.

10. **Admissibility of the Agreement in Prosecution.** In the event that the Court terminates the Agreement based on a breach by Defendant, Defendant stipulates and agrees that the Agreement and his admissions contained therein shall be admissible against him at any trial, sentencing, or other related proceeding.

The United States stipulates and agrees to the following:

11. **Deferred Prosecution and Dismissal.** The United States stipulates and agrees to defer prosecution of the above-captioned matter for a period of 12 months (or up to 24 months, if the Agreement is extended). When and if Defendant satisfies all the requirements of the Agreement (including any modifications or extensions), the United States stipulates will, seek dismissal with prejudice of the Indictment filed against Defendant pursuant to this Agreement. Except in the event of a violation by Defendant of any term of this Agreement, the United States will bring no additional charges against Defendant relating to its conduct as described in the Complaint and the Covered Conduct set forth above. This agreement does not provide any protection against prosecution for any crimes except as set forth above. Defendant and the United States understand that the Court must approve deferral under the Speedy Trial Act, in accordance with 18 U.S.C. § 3161(h)(2). Should the Court declined to defer prosecution for any reason: (1) both the United States and Defendant are released from any obligation imposed upon them by this Agreement; and (2) this Agreement shall be null and void, except for the tolling provisions set forth herein.

PRETRIAL DIVERSION AGREEMENT - 5

### III.   Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____        3/16/23
Caitlin Baunsgard                                         Date
Assistant U.S. Attorney

I have read the Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. I understand the terms and conditions of the Agreement and agree to comply with them.

_____        3/16/23
HUMBERTO ALEGRE                                Date
Defendant

_____        3/16/23
Amy Rubin                                           Date
Attorney for Defendant

Approved without passing judgment on the merits or wisdom of this diversion.

PRETRIAL DIVERSION AGREEMENT - 6

_____    March 16, 2023
Stanley A. Bastian                  Date
Chief United States District Judge

I hereby certify that I have read and translated the entire foregoing document to Defendant in a language with which Defendant is conversant. If questions have arisen, I have notified Defendant's counsel of the questions and have not offered nor given legal advice nor personal opinions.

_____    3/16/23
Interpreter                         DATE

**I hereby state that the above has been translated for me into the Spanish language, and I understand the conditions of my pre-trial diversion. Further, I agree that I will comply with them.**

_____    3/16/23
HUMBERTO ALEGRE                     DATE

PRETRIAL DIVERSION AGREEMENT - 7